UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  Seroquel Products Liability Litigation                MDL No. 1769

This Document Relates to:

*Mary Crooks-Hall v. AstraZeneca Pharm. LP, et al.*           Case No. 6:08-cv-2095

_____

**DEFENDANT ASTRAZENECA'S OPPOSITION TO
COUNSEL'S MOTION TO WITHDRAW**

The law firms of Provost Umphrey, LLP, Burke, Harvey and Frankowski, LLC, and Larry M. Roth, PA ("Counsel") seek to withdraw as counsel for Eleventh Circuit Trial Pool Plaintiff Mary Hunter Crooks-Hall.  *See* Doc. No. 8.  According to Counsel, "Plaintiff has refused to respond to counsel regarding important matters related to the prosecution" of her case, and consequently Counsel's continued representation of Plaintiff is "untenable."  *Id.*

Defendant AstraZeneca Pharmaceuticals LP opposes Counsel's motion.  AstraZeneca submits that rather than simply allowing Counsel to withdraw, this Court instead should do as it has done in the past and order Plaintiff to show cause in writing why her case should not be dismissed for failure to prosecute due to her failure to cooperate with Counsel.

Contrary to Counsel's motion, there *are* pending deadlines in this case because Plaintiff is in Group One of the Eleventh Circuit Trial Pool.  Notably, Plaintiff's case has a fact discovery deadline of May 3, 2010, which is only 17 days away.  *See* Doc. No. 7.  Very

little discovery has been completed in Plaintiff's case because the case has been placed on hold by the PMO.[1]  *See* MDL Doc. No. 1625.

Besides leaving Plaintiff a *pro se* litigant in a trial pool case in a very complex litigation, a withdrawal by Counsel at this time would make it impossible to complete fact discovery in Plaintiff's case by the Court-ordered deadline of May 3.  This is particularly true given that Counsel's withdrawal would place upon AstraZeneca, the PMO, and this Court the burden of communicating with Plaintiff about her case – which necessarily would include coordinating further record collection and depositions of Plaintiff, her doctors, and other fact witnesses (as well as, eventually, the designation and discovery of experts and filing of *Daubert* and dispositive motions) – a task that even Plaintiff's Counsel has unable to accomplish.  Consequently, this Court should deny Counsel's motion.  *See, e.g., Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 152 F.R.D. 580, 582-83 (D. Minn. 1993) (denying motion to withdraw because it would cause delay, judicial inefficiency, and would leave plaintiffs *pro se*).

Instead, this Court should do what it has done in past MDL cases when a plaintiff's lawyer has moved to withdraw.  *See, e.g., Conway v. AstraZeneca Pharm. LP, et al.*, MDL Case No. 6:09-cv-263 (M.D. Fla.), Doc. Nos. 5-9.  In *Conway*, a plaintiff's firm sought to withdraw its representation of a plaintiff.  *See Conway*, Doc. Nos. 5, 6.  This Court ordered plaintiff "to show cause in writing within 11 days … why [his] case should not be dismissed for his failure to prosecute it based on his failure to cooperate with counsel."  *Conway*, Doc.

---

[1]  Plaintiff has served a Fact Sheet, and the parties and the PMO have collected some (but not all) relevant records.  No depositions have been taken, and no depositions currently are scheduled.

2

No. 7. This Court further ordered that plaintiff's failure to respond in a timely manner "will result in [the] dismissal of [plaintiff's] action." *Id.* Plaintiff did not respond, and this Court denied counsel's motion and dismissed plaintiff's case. *See Conway*, Doc. Nos. 8, 9.

The only difference here is that Plaintiff's case has been selected for expedited case-specific discovery, motion practice, and trial as part of the Eleventh Circuit Trial Pool. If her case is dismissed *without* prejudice, Plaintiff potentially could re-file in another jurisdiction, thereby circumventing this Court's Orders and trial plan, and delaying indefinitely the resolution of her claims against AstraZeneca.

WHEREFORE, AstraZeneca respectfully requests that this Court deny Counsel's Motion to Withdraw and order that Plaintiff must show cause in writing within 11 days (or within 14 days, in accordance with the 2009 Amendments to the Local Rules for the Middle District of Florida) why she has failed to cooperate with Counsel, or her case will be dismissed with prejudice.

Respectfully submitted on this the 16th day of April, 2010,

            */s/ Shane T. Prince*
            Fred T. Magaziner
            Shane T. Prince
            DECHERT LLP
            Cira Centre
            2929 Arch Street
            Philadelphia, PA  19104
            T:  (215) 994-4000
            F:  (215) 994-2222
            fred.magaziner@dechert.com
            shane.prince@dechert.com

            */s/ Chris S. Coutroulis*
            Chris S. Coutroulis (Fla. Bar No. 300705)
            Robert L. Ciotti (Fla. Bar No. 333141)
            CARLTON FIELDS, P.A.
            Corporate Center Three at International Plaza
            4221 W. Boy Scout Blvd.
            Tampa, FL  22607
            T:  (813) 223-7000
            F:  (813) 229-4133
            ccoutroulis@carltonfields.com
            rciotti@carltonfields.com

            *Counsel for AstraZeneca Pharmaceuticals LP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 16, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, through which all participating parties are deemed served. I further certify that, by using the CM/ECF, the foregoing has been served on Plaintiffs' Liaison Counsel, who is charged with serving any non-CM/ECF participants listed below.

Christopher Thomas Kirchmer
Provost Umphrey, LLP
490 Park St
PO Box 4905
Beaumont, TX 77704
T:  409-835-6000
F:  409-838-8888
ckirchmer@provostumphrey.com

Thomas H. McGowan
Provost Umphrey Law Firm
1 Riverfront Place #605
North Little Rock, AR 72114
T:  501-374-3655
F:  501-374-4279

W. Todd Harvey
Burke, Harvey & Frankowski, LLC
1 Highland Place - Suite 120
2151 Highland Ave
Birmingham, AL 35205
T:  205-930-9091
F:  205-930-9054
tharvey@bhflegal.com

*Counsel for Plaintiff*

Larry M. Roth
Larry M. Roth, PA
1615 Edgewater Dr - Ste 180
PO Box 547637
Orlando , FL 32854-7637
T:  407-872-2239
F:  407-872-6927
lroth@roth-law.com

*Plaintiffs' Liaison Counsel*

*/s/ Shane Prince*